**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| EDWELL T. HENRY II, | : |
| Plaintiff, | : CIVIL ACTION NO. 2:22-cv-04614 |
| v. | : |
| UNITED LUTHERAN SEMINARY | : |
| and | : [ELECTRONICALLY FILED] |
| DR. R. GUY ERWIN, | : |
| Defendants. | : |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
IN RESPONSE TO PLAINTIFF'S COMPLAINT**

Defendants, United Lutheran Seminary ("ULS") and Dr. R. Guy Erwin ("Erwin") (collectively, "Defendants"), respond to the Complaint filed by Plaintiff Edwell T. Henry II ("Plaintiff" or "Henry") (the "Complaint"), according to the numbered paragraphs therein, as follows.

The paragraph preceding Paragraph 1 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that this paragraph contains factual averments, they are denied.  To the extent that a response to this paragraph is nonetheless required, Defendants deny that they discriminated against or harassed Plaintiff or subjected Plaintiff to disparate treatment, retaliation, a hostile work environment, or otherwise violated Plaintiff's rights in any way pursuant to Title VII of the civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), the Pennsylvania Human Relations Act ("PHRA"), the Equal Pay Act ("EPA"), the Philadelphia Fair Practices Ordinance ("PFPO"), the Family and Medical Leave

Act ("FMLA") or any other federal, state, or local law or regulation, or any other cause of action that Plaintiff has brought or could bring in connection with his employment or separation from employment with ULS.  Defendants deny all remaining factual averments in the paragraph preceding Paragraph 1.

## PARTIES

1.     Admitted, upon information and belief.

2.     Denied as stated.  Defendants admit that ULS is a seminary and institute of higher education whose educational offerings include, but are not limited to, post-baccalaureate degree and certificate programs in certain theological areas of discipline.  Defendants also admit that ULS is composed of two physical campuses and one distributed learning community, of which the Gettysburg Campus is located at 61 Seminary Ridge, Gettysburg, PA 17325 and the Philadelphia Campus is located at 7301 Germantown Avenue, Philadelphia, PA 19119.

3.     Admitted.

4.     Paragraph 4 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 4 contains factual averments, they are admitted in part and denied in part.  Defendants admit only that Plaintiff reported directly to Defendant Erwin during his employment with ULS.  Defendants deny any remaining factual averments contained in Paragraph 4.

5.     Paragraph 5 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 5 contains factual averments, they are admitted in part and denied in part.  Defendants admit only that ULS conducts its operations within the Commonwealth of Pennsylvania, including within the City of Philadelphia and the Eastern

2

District of Pennsylvania.  Defendants deny any remaining factual averments contained in Paragraph 5.

6.      Admitted.

7.      Paragraph 7 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 7 contains factual averments, they are denied.

8.      Paragraph 8 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 8 contains factual averments, they are denied.

9.      Paragraph 9 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 9 contains factual averments, they are admitted in part and denied in part.  Defendants admit only that Plaintiff is a former employee of ULS. Defendants deny all remaining factual averments contained in Paragraph 9.

## JURISDICTION AND VENUE

10.      Paragraph 10 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 10 contains factual averments, they are denied.

11.      Paragraph 11 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 11 contains factual averments, they are denied.

12.      Paragraph 12 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 12 contains factual averments, they are denied.

13.      Paragraph 13 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 13 contains factual averments, they are denied.

14.      Paragraph 14 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 14 contains factual averments, they are admitted in part and denied in part.  Defendants admit only that Defendants reside and that certain events

at issue, as alleged in the Complaint, occurred within the Eastern District of Pennsylvania.
Defendants deny all remaining factual averments contained in Paragraph 14.

15.     Paragraph 15 sets forth legal conclusions to which no answer is required, and the
same are denied.  To the extent that Paragraph 15 contains factual averments, they are denied.

16.     Paragraph 16 sets forth legal conclusions to which no answer is required, and the
same are denied.  To the extent that Paragraph 16 contains factual averments, they are admitted
in part and denied in part.  Defendants admit only that certain events at issue, as alleged in the
Complaint, occurred within the Eastern District of Pennsylvania.  Defendants lack sufficient
knowledge or information to form a belief as to who or what Covanta is and whether it does
business or is subject to personal jurisdiction within the Eastern District of Pennsylvania;
accordingly, it is denied.  Defendants deny all remaining factual averments contained in
Paragraph 16.

17.     Admitted in part, denied in part.  Defendants admit only that Plaintiff dual-filed a
Charge of Discrimination ("Charge") with the Pennsylvania Human Relations Commission
("PHRC"), captioned PHRC No. 202002300, and Equal Employment Opportunity Commission
("EEOC"), captioned EEOC No. 17F202161283.  Defendants deny that Plaintiff filed the Charge
on May 10, 2021.  Rather, and by way of further response, Plaintiff filed the Charge on May 5,
2021.  Defendants deny all remaining factual averments contained in Paragraph 17.

18.     Denied as stated.  Defendants admit that Plaintiff filed an Amended Charge of
Discrimination ("Amended Charge") with the PHRC on or about June 5, 2021.

19.     Admitted.

20.     Denied as stated.  Defendants admit that Plaintiff filed this lawsuit within 90 days
of August 19, 2022, when the EEOC issued Plaintiff a Notice of Right to Sue.

4

21.     Denied as stated.  Defendants admit that more than one year has passed since Plaintiff filed his original Charge and Amended Charge on May 5, 2021 and June 5, 2021, respectively.

22.     Paragraph 22 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 22 contains factual averments, they are denied.

## MATERIAL FACTS

23.     Admitted.

24.     Admitted in part, denied in part.  Defendants admit only that ULS hired Plaintiff as Human Resources Director in or about September 2018.  Defendants deny all remaining factual averments contained in Paragraph 24.

25.     Admitted.

26.     Denied.

27.     Denied.

28.     Admitted in part, denied in part.  Defendants lack sufficient knowledge or information to form a belief as to whether Plaintiff truly enjoyed the work he was tasked with at ULS; accordingly, it is denied.  Defendants deny all remaining factual averments contained in Paragraph 28.

29.     Denied.

30.     Admitted in part, denied in part.  Defendants admit only that as Vice President of Human Resources, Diversity, Equity, and Inclusion, Plaintiff's job responsibilities included investigating Title IX and internal bias complaints.  https://seasonandstory.com/uls-racism is a written document that speaks for itself, and any attempts to characterize its content are expressly

5

denied.  Defendants deny all remaining factual averments contained in Paragraph 30, including footnote 1.

31.    Denied.

32.    Paragraph 32 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 32 contains factual averments, they are denied.

33.    Denied.

34.    Paragraph 34 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 34 contains factual averments, they are denied.

35.    Paragraph 35 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 35 contains factual averments, they are denied.

36.    Paragraph 36 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 36 contains factual averments, they are denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Paragraph 42 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 42 contains factual averments, they are denied.

43.    Paragraph 43 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 43 contains factual averments, they are denied.

44.    Denied.

45.    Denied.

46.     Denied.

47.     Paragraph 47 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 47 contains factual averments, they are denied.

48.     Denied.

49.     Denied.

50.     Paragraph 50 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 50 contains factual averments, they are denied.

51.     Paragraph 51 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 51 contains factual averments, they are denied.

52.     Paragraph 52 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 52 contains factual averments, they are denied.

53.     Denied.

54.     Denied.

55.     Paragraph 55 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 55 contains factual averments, they are denied.

56.     Admitted.  By way of further response, Plaintiff received this offer of severance upon request made to ULS by Plaintiff's representative, who proposed it.

57.     Paragraph 57 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 57 contains factual averments, they are admitted in part and denied in part.  Defendants admit only that Plaintiff declined Defendants' offer of severance.  Defendants deny all remaining factual averments contained in Paragraph 57.

58.     Paragraph 58 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 58 contains factual averments, they are admitted

7

in part and denied in part.  Defendants admit only that in response to an email from Plaintiff

stating, "If ULS wants to start severance negotiations I am fine with that," Erwin responded,

*inter alia*, "I want to let you know that your leave is extended indefinitely, on the same terms,

until we can work out some next steps.  I hope we can start that conversation later this week."

Defendants deny all remaining factual averments contained in Paragraph 58.

59.     Paragraph 59 sets forth legal conclusions to which no answer is required, and the

same are denied.  To the extent that Paragraph 59 contains factual averments, they are admitted

in part and denied in part.  Defendants admit only that Plaintiff filed a PHRC Charge against

ULS on May 5, 2021.  Defendants deny all remaining factual averments contained in Paragraph

59.

60.     Admitted.

61.     Denied.

62.     Denied as stated.  Defendants admit that Plaintiff's employment was terminated

on June 2, 2021 for reasons unrelated to the filing and service of Plaintiff's PHRC Charge.

63.     Denied.

64.     Paragraph 64, including subparagraphs 64(a-b), sets forth legal conclusions to

which no answer is required, and the same are denied.  To the extent that Paragraph 64, including

subparagraphs 64(a-b) contains factual averments, they are denied.

65.     Paragraph 65 sets forth legal conclusions to which no answer is required, and the

same are denied.  To the extent that Paragraph 65 contains factual averments, they are denied.

66.     Paragraph 66 sets forth legal conclusions to which no answer is required, and the

same are denied.  To the extent that Paragraph 66 contains factual averments, they are denied.

8

67. Paragraph 67 sets forth legal conclusions to which no answer is required, and the same are denied. To the extent that Paragraph 67 contains factual averments, they are denied.

68. Paragraph 68 sets forth legal conclusions to which no answer is required, and the same are denied. To the extent that Paragraph 68 contains factual averments, they are denied.

69. Paragraph 69 sets forth legal conclusions to which no answer is required, and the same are denied. To the extent that Paragraph 69 contains factual averments, they are denied.

70. Paragraph 70 sets forth legal conclusions to which no answer is required, and the same are denied. To the extent that Paragraph 70 contains factual averments, they are denied.

71. Denied.

72. Denied.

73. Denied as stated. Defendants admit that Plaintiff's employment was terminated on June 2, 2021 for reasons unrelated to the filing and service of Plaintiff's PHRC Charge.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied in part. By way of further response, Jackie King was an outside contractor ULS engaged for certain services, not "one of Mr. Henry's African American employees." Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining factual averments contained in Paragraph 78; accordingly, they are denied.

79. Defendants lack sufficient knowledge or information to form a belief as to whether Plaintiff told his African-American direct reports to document purported events and that Plaintiff would report these and other concerns to Defendant Erwin; accordingly, they are

9

denied.  Accordingly, Defendants deny all remaining factual averments contained in Paragraph 79.

79. Defendants lack sufficient knowledge or information to form a belief as to whether Jackie King reported to Plaintiff that she told Defendant Erwin that Buff Carlson and Rhonda Shupp were constantly abusive towards her and that King shared she may have to quit because the abuse was becoming overbearing; accordingly, it is denied.  Accordingly, Defendants deny all remaining factual averments contained in Paragraph 80.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Paragraph 85 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 85 contains factual averments, they are denied.

86. Paragraph 86 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 86 contains factual averments, they are denied.

87. Paragraph 87 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 87 contains factual averments, they are denied.

88. Denied.

89. Denied.

### Mr. Henry's Unequal Pay

90. Denied as stated.  Defendants admit that upon Plaintiff's promotion in October 2020, Plaintiff was ULS' first Black employee to serve in a Vice Presidential-level role.

10

91.     Paragraph 91 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 91 contains factual averments, they are admitted in part and denied in part.  Defendants admit only that Angela Zimmann was a white woman and ULS' Vice President for Advancement.  Defendants deny any remaining factual averments contained in Paragraph 91.

92.     Admitted in part, denied in part.  Defendants admit only that Plaintiff's annual base salary as Vice President of Human Resources, Diversity, Equity, and Inclusion was $88,000 and that Zimmann's annual base salary as Vice President for Advancement was $110,000. Defendants deny all remaining factual averments contained in Paragraph 92.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Paragraph 97 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 97 contains factual averments, they are denied.

98.     Denied.

99.     Denied.

100.    Denied.

**COUNT I**
**UNDER FEDERAL LAW**
**S.C. [sic] SECTION 1981 – RETALIATION AND HOSTILE WORK ENVIRONMENT**
**(Plaintiff v. all Defendants)**

101.    Defendants incorporate and restate their answers to the preceding paragraphs as if set forth fully herein.

102.    Paragraph 102 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 102 contains factual averments, they are denied.

103.    Paragraph 103 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 103 contains factual averments, they are admitted in part and denied in part.  Defendants admit only that Plaintiff is Black and African-American.  Defendants deny all remaining factual averments contained in Paragraph 103.

104.    Paragraph 104 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 104 contains factual averments, they are denied.

103 [sic].    Paragraph 103 [sic] sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 103 [sic] contains factual averments, they are denied.

104 [sic].    Paragraph 104 [sic] sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 104 [sic] contains factual averments, they are denied.

105.    Paragraph 105 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 105 contains factual averments, they are denied.

106.    Paragraph 106 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 106 contains factual averments, they are denied.

107.    Paragraph 107 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 107 contains factual averments, they are denied.

108.    Paragraph 108 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 108 contains factual averments, they are denied.

12

By way of further response, ULS has not employed any individual with the surname "Emory" as President at any time during or after Plaintiff's employment with ULS.

109.    Paragraph 109 sets forth legal conclusions to which no answer is required, and the same are denied. To the extent that Paragraph 102 contains factual averments, they are denied.

110.    Paragraph 110 sets forth legal conclusions to which no answer is required, and the same are denied. To the extent that Paragraph 110 contains factual averments, they are denied.

**COUNT II**
**TITLE VII – DISPARATE TREATMENT & HOSTILE WORK ENVIRONMENT**
**(Plaintiff v. ULS)**

111.    Defendants incorporate and restate their answers to the preceding paragraphs as if set forth fully herein.

112.    Paragraph 112 sets forth legal conclusions to which no answer is required, and the same are denied. To the extent that Paragraph 112 contains factual averments, they are denied.

113.    Paragraph 113 sets forth legal conclusions to which no answer is required, and the same are denied. To the extent that Paragraph 113 contains factual averments, they are denied.

114.    Paragraph 114 sets forth legal conclusions to which no answer is required, and the same are denied. To the extent that Paragraph 114 contains factual averments, they are denied.

115.    Paragraph 115 sets forth legal conclusions to which no answer is required, and the same are denied. To the extent that Paragraph 115 contains factual averments, they are denied.

116.    Paragraph 116 sets forth legal conclusions to which no answer is required, and the same are denied. To the extent that Paragraph 116 contains factual averments, they are denied. By way of further response, ULS has not employed any individual with the surname "Emory" as President at any time during or after Plaintiff's employment with ULS.

117.    Paragraph 117 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 117 contains factual averments, they are denied.

118.    Paragraph 118 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 118 contains factual averments, they are denied.

### COUNT III
### RETALIATION UNDER TITLE VII
### (Plaintiff v. ULS)

119.    Defendants incorporate and restate their answers to the preceding paragraphs as if set forth fully herein.

120.    Paragraph 120 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 120 contains factual averments, they are denied.

121.    Paragraph 121 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 121 contains factual averments, they are denied.

### COUNT IV
### PHRA – DISCRIMINATION AND HOSTILE WORK ENVIRONMENT
### (Plaintiff v. ULS)

122.    Defendants incorporate and restate their answers to the preceding paragraphs as if set forth fully herein.

123.    Paragraph 123 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 123 contains factual averments, they are denied.

124.    Paragraph 124 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 124 contains factual averments, they are denied.

125.    Paragraph 125 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 125 contains factual averments, they are denied.

14

126.     Paragraph 126 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 126 contains factual averments, they are denied.

127.     Paragraph 127 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 127 contains factual averments, they are denied. By way of further response, ULS has not employed any individual with the surname "Emory" as President at any time during or after Plaintiff's employment with ULS.

128.     Paragraph 128 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 128 contains factual averments, they are denied.

129.     Paragraph 129 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 129 contains factual averments, they are denied.

**COUNT V**
**RETALIATION UNDER STATE LAW**
**(against all named Defendants)**

130.     Defendants incorporate and restate their answers to the preceding paragraphs as if set forth fully herein.

131.     Paragraph 131 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 131 contains factual averments, they are denied.

132.     Paragraph 132 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 132 contains factual averments, they are denied.

**COUNT VI**
**DISCRIMINATION UNDER STATE LAW – AIDING AND ABETTING**
**(against individual Defendant Only)**

133.     Defendants incorporate and restate their answers to the preceding paragraphs as if set forth fully herein.

134.     Paragraph 134 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 134 contains factual averments, they are denied.

135.     Paragraph 135 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 135 contains factual averments, they are denied.

**COUNT VII**
**PFPO – DISCRIMINATION & HOSTILE WORK ENVIRONMENT**
**(Plaintiff v. All Defendants)**

136.     Defendants incorporate and restate their answers to the preceding paragraphs as if set forth fully herein.

137.     Paragraph 137 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 137 contains factual averments, they are denied.

138.     Paragraph 138 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 138 contains factual averments, they are denied.

139.     Paragraph 139 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 139 contains factual averments, they are denied.

140.     Paragraph 140 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 140 contains factual averments, they are denied.

141.     Paragraph 141 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 141 contains factual averments, they are denied.

142.     Paragraph 142 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 142 contains factual averments, they are denied.

143.     Paragraph 143 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 143 contains factual averments, they are denied.

144.     Paragraph 144 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 144 contains factual averments, they are denied.

145.     Paragraph 145 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 145 contains factual averments, they are denied. By way of further response, ULS has not employed any individual with the surname "Emory" as President at any time during or after Plaintiff's employment with ULS.

146.     Paragraph 146 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 146 contains factual averments, they are denied.

147.     Paragraph 147 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 147 contains factual averments, they are denied.

**COUNT VIII**
**RETALIATION UNDER THE**
**PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE**
**(against all named Defendants)**

147 [sic.]     Defendants incorporate and restate their answers to the preceding paragraphs as if set forth fully herein.

148.     Paragraph 148 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 148 contains factual averments, they are denied.

149.     Paragraph 149 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 149 contains factual averments, they are denied.

**COUNT IX**
**DISCRIMINATION UNDER THE**
**PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE – AIDING AND ABETTING**
**(against individual Defendant only)**

150.     Defendants incorporate and restate their answers to the preceding paragraphs as if set forth fully herein.

151.     Paragraph 151 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 151 contains factual averments, they are denied.

152.     Paragraph 152 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 152 contains factual averments, they are denied.

**COUNT X**
**FMLA RETALIATION**
**(Plaintiff v. All Defendants)**

153.     Defendants incorporate and restate their answers to the preceding paragraphs as if set forth fully herein.

154.     Paragraph 154, including subparagraphs 154(a-b), sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 154, including subparagraphs 154(a-b), contains factual averments, they are admitted in part and denied in part.  Defendants admit only that at the time Plaintiff requested continuous FMLA leave in or about March 2021, he had been employed by ULS for a period of at least 12 months and had worked at least 1,250 hours in the immediately preceding 12-month period.  Defendants deny all remaining factual averments contained in Paragraph 154.

155.     Paragraph 155 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 155 contains factual averments, they are denied.

156.     Paragraph 156 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 156 contains factual averments, they are admitted in part and denied in part.  Defendants admit only that Plaintiff took personal leave from work at times during his employment with ULS.  Defendants deny all remaining factual averments contained in Paragraph 156.

157.    Paragraph 157 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 157 contains factual averments, they are denied.

158.    Denied.  By way of further response, ULS has not employed any individual with the surname "Emory" as President at any time during or after Plaintiff's employment with ULS.

159.    Paragraph 159 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 159 contains factual averments, they are denied.

160.    Paragraph 160, including subparagraphs 160(a)(1)(A-D), sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 160, including subparagraphs 160(a)(1)(A-D), contains factual averments, they are denied.

161.    Denied.

162.    Paragraph 162 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 162 contains factual averments, they are denied.

163.    Paragraph 163 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 163 contains factual averments, they are denied.

164.    Paragraph 164 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 164 contains factual averments, they are denied.

165.    Paragraph 165 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 165 contains factual averments, they are denied.

166.    Paragraph 166, including subparagraphs 166(a)(1-2), sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 166, including subparagraphs 166(a)(1-2), contains factual averments, they are denied.

167.    Paragraph 167 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 167 contains factual averments, they are denied.

## COUNT XI
## WAGE DISCRIMINATION IN EMPLOYMENT
## IN VIOLATION OF THE EQUAL PAY ACT OF 1963
### (Plaintiff v. All Defendants)

168.    Defendants incorporate and restate their answers to the preceding paragraphs as if set forth fully herein.

169.    Paragraph 169 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 169 contains factual averments, they are denied.

170.    Paragraph 170 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 170 contains factual averments, they are denied.

171.    Paragraph 171 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 171 contains factual averments, they are denied.

172.    Paragraph 172 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 172 contains factual averments, they are denied.

173.    Denied.

174.    Paragraph 174 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 174 contains factual averments, they are denied.

175.    Paragraph 175 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 175 contains factual averments, they are denied.

176.    Paragraph 176 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 176 contains factual averments, they are denied.

177.    Paragraph 177 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 177 contains factual averments, they are denied.

178.     Paragraph 178 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 178 contains factual averments, they are denied.

179.     Paragraph 179 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 179 contains factual averments, they are denied.

180.     Paragraph 180 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 165 contains factual averments, they are denied.

## PRAYER FOR RELIEF

The paragraph following Paragraph 180, including subparagraphs (E [sic]-S [sic]), purports to state a Prayer for Relief and, accordingly, sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent this paragraph, including subparagraphs (E [sic]-S [sic]), contains factual averments, they are denied.  To the extent that a response to the Prayer for Relief is nonetheless required, Defendants deny that they discriminated against or harassed Plaintiff or subjected Plaintiff to disparate treatment, retaliation, a hostile work environment, or otherwise violated Plaintiff's rights in any way pursuant to Title VII, Section 1981, the PHRA, the EPA, the PFPO, the FMLA, or any other cause of action that Plaintiff has brought or could bring in connection with his employment or separation from employment with ULS.  Defendants deny all remaining factual averments contained in the Prayer for Relief.

## JURY DEMAND

The paragraph following the Prayer for Relief purports to demand a trial by jury and, consequently, legal conclusions to which no answer is required, and the same are denied.  To the extent that this paragraph contains factual averments, Defendants admit only that Plaintiff

21

purports to demand a trial by jury as described in the Complaint paragraph captioned "Jury Demand."  Defendants deny all remaining factual averments contained in the Jury Demand.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, Defendants set forth the following affirmative and other defenses:

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted, pursuant to Title VII, Section 1981, the PHRA, the EPA, the PFPO, the FMLA, or any other cause of action as a matter of law.

2.      Plaintiff's Complaint inappropriately seeks to impose liability upon Defendant Erwin in his individual capacity pursuant to all causes of action.

3.      Defendant Erwin cannot be held individually liable, as a matter of law, pursuant to Plaintiff's FMLA claims.

4.      Defendant Erwin cannot be held individually liable, as a matter of law, pursuant to Plaintiff's EPA claims.

5.      Plaintiff was not entitled to FMLA leave because he did not work at a location where ULS had 50 or more employees within 75 miles when Plaintiff purportedly requested, or otherwise would have been eligible for, such leave.

6.      All employment decisions made by Defendants concerning Plaintiff were made for legitimate, non-discriminatory, and non-retaliatory reasons consistent with all applicable laws.

7.      Some or all of Plaintiff's claims are or may be time-barred by the applicable statutes of limitations as described within.

8.      Plaintiff failed, or may have failed, to exhaust his administrative remedies in whole or in part.

9.      Some or all of Plaintiff's claims are or may be barred by the doctrines of estoppel and waiver.

10.     Some or all of Plaintiff's claims are or may be barred by the doctrine of laches.

11.     Some or all of Plaintiff's claims are or may be barred by the doctrine of unclean hands.

12.     Plaintiff suffered no damages, or, in the alternative, any damages that Plaintiff has suffered were not proximately caused by Defendants.

13.     If Plaintiff suffered any damages, which is denied, Plaintiff has failed to mitigate such damages.

14.     Defendants and their representatives and agents acted in a lawful legitimate, non-discriminatory, and non-retaliatory manner at all times relevant to this action.

15.     Defendants' personnel actions were taken for legitimate, non-discriminatory, and non-retaliatory reasons.

16.     The Complaint fails to establish conduct by Defendants that would establish severe or pervasive conduct that would constitute harassment based on race or in retaliation for engaging in purported protected activity as a matter of law.

17.     Plaintiff did not "step out" of his role as Vice President of Human Resources, Diversity, Equity, and Inclusion, so as to engage in statutorily protected activities pursuant to Title VII, Section 1981, the PHRA, or the PFPO as a matter of law.

18.     Defendants exercised reasonable care to prevent the harm complained of, investigated the matter thoroughly, and took appropriate remedial action as required by law.

23

19.     Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants with respect to the harm complained of.

20.     Plaintiff is not entitled to punitive damages against Defendants since there was no willful or wanton violation of any statute or other legal requirement attributable Defendants.

21.     Any claim for monetary relief by Plaintiff must be reduced or mitigated by any interim compensation or earnings for the amounts Plaintiff could with reasonable diligence have earned.

22.     Liability, if any, is barred by the intervening and/or superseding fault of Plaintiff.

23.     At all times relevant to this suit, Defendants' actions were in good faith with regard to Plaintiff and reasonable grounds existed for believing that actions were not in violation of any law.

24.     Defendants reserve the right to assert any and all additional defenses as may be revealed by further investigation and discovery.

WHEREFORE, Defendants, United Lutheran Seminary and Dr. R. Guy Erwin, respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff Edwell T. Henry II, dismiss Plaintiff's Complaint in its entirety, and award Defendants all costs and expenses incurred in defending this action, including interest and attorney's fees.

24

Respectfully submitted,

**STEVENS & LEE, P.C.**

Dated: January 17, 2023                By: */s/ Brad M. Kushner*

Brad M. Kushner, Esq.
Alexander V. Batoff, Esq.
STEVENS & LEE
A PA Professional Corporation
1500 Market Street, East Tower
18th Floor
Philadelphia, PA 19102
Phone:  (215) 751-1949
Fax:  (610) 371-7906
brad.kushner@stevenslee.com
alexander.batoff@stevenslee.com
*Attorneys for Defendants United Lutheran*
*Seminary and Dr. R. Guy Erwin*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of January, 2023, I caused the foregoing Answer and

Affirmative Defenses in Response to Plaintiff's Complaint to be served via ECF filing on the

following:

Seth D. Carson, Esq.
Derek Smith Law Group, PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
Tel:  (215) 391-4790
seth@dereksmithlaw.com

*/s/ Brad M. Kushner*              
Brad M. Kushner, Esq.