IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWELL T. HENRY II,  :  :    Plaintiff,  :  :  v.  :  Case 2:22-CV-04614-RAL  :  UNITED LUTHERAN SEMINARY and  :  DR. R. GUY ERWIN,  :  :    Defendant | |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

Defendants, United Lutheran Seminary ("ULS") and Dr. R. Guy Erwin ("Dr. Erwin"), file this brief in support of their Motion for Partial Judgment on the Pleadings. As explained below, the Court should dismiss the claims under the Philadelphia Fair Practice Ordinance ("PFPO") because Plaintiff, Edwell T. Henry II ("Henry"), failed to exhaust his administrative remedies, and the time for doing so has now passed. Further, the Court should apply judicial estoppel to bar Henry from recovering compensatory, punitive, and liquidated damages in this case based upon judicial estoppel, as he concealed his claims in this case in his previous bankruptcy filings.

**I. BACKGROUND AND PERTINENT FACTS**

On or about May 10, 2021, Henry dual filed complaints with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"). See Complaint (ECF No. 1), at ¶ 17). On or about June 5, 2021, Plaintiff filed an amended compliant with the PHRC. (Compl.,at ¶ 18). Henry never filed a charge with the Philadelphia Commission on Human Rights ("PCHR").

1

On or about November 17, 2022, Henry filed the eleven-count complaint with this Court that is the subject of this Motion. (ECF No. 1). The Complaint asserts that, in connection with Henry's employment and his resignation from employment on June 2, 2021,[1][2] Henry was subjected to race discrimination, harassment, and retaliation pursuant to the Civil Rights Act of 1991 ("Title VII"), the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA"), the Equal Pay Act of 1963, the Philadelphia Fair Practices Ordinance, Chapter 9-1100 of the Philadelphia Code ("PFPO") and the Family Medical Leave Act ("FMLA"). The Complaint seeks compensatory, punitive, and liquidated damages. (Comp., pp. 26-27, ¶¶ L, N, O, and P. On January 17, 2023, Defendants filed their Answer and Affirmative Defenses to Plaintiff's Complaint (ECF No. 12).

On March 1, 2023, Henry belatedly served initial Rule 26(a) Disclosures in which he represented that he seeks $2,000,000.00 in compensatory damages, $3,000,000.00 in punitive damages, plus past wage loss and future wage loss. A true and correct copy of the Disclosures is attached as **Exhibit A**.

On February 16, 2020, Henry filed a petition for Chapter 13 bankruptcy with the United States Bankruptcy Court for the Eastern District of Pennsylvania at Case No. 20-10939. A true and correct copy of the docket from that case is attached hereto as **Exhibit B**.[3] In connection with the bankruptcy case, Henry was required to file a Schedule A/B listing all of his assets and liabilities. A true and

---

[1] In the Complaint Henry asserts that he was involuntarily terminated. While Defendants dispute this fact, it is irrelevant for the purpose of the instant Motion.
[2] For the purposes of this Partial Motion for Judgment on the Pleadings, While Defendants dispute many of the facts in the Complaint, they are taken as true solely for the purposes of this Motion.
[3] This Court may take judicial notice of filings in the bankruptcy case. *See Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir.1999) ("[O]n a motion to dismiss, we may take judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."); *Carroll v. Prothonotary*, No. 08–1683, 2008 WL 5429622, at *2 (W.D.Pa. Dec.31, 2008) ("The court takes judicial notice of court records and dockets of the Federal District Courts."). Further, as explained below, the Court may consider these filings when deciding a motion under Fed. R. Civ. P. 12(c).

correct copy of that filing is attached hereto as **Exhibit C**. In that filing, Henry was required to disclose "[o]ther contingent and unliquidated claims of every nature, including counterclaims of the debtor and right to set off claims." *Id.* at p. 6, No. 34. Henry responded that he had no such claims. *Id.* Henry also filed an Official Form 107, Statement of Financial Affairs, a true and correct copy of which is attached as **Exhibit D**. The Statement of Financial Affairs asked: "Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?" *Id.* at p. 3, No. 9. Henry responded that he was not a party to any lawsuit, court action, or administrative proceeding. *Id.* Henry never amended those filings, and his bankruptcy case was dismissed on February 21, 2023 based on Henry's failure to make required plan payments. (Ex. B at ECF No. 120). Henry has been represented by counsel in both his bankruptcy case and in the instant lawsuit.

## II. ARGUMENT

### A. The Standard of Review for Motions for Judgment on the Pleadings Under Rule 12(c) Is Well-Established.

Motions for judgment on the pleadings under Rule 12(c) are reviewed under the same standard as motions to dismiss under Rule 12(b)(6). *Sykes v. Glaxo-SmithKline*, 484 F.Supp.2d 289, 296 (E.D. Pa. 2007) (*citing Piskanin v. Hammer*, 2005 WL 3071760, at *3 (E.D. Pa. Nov. 14, 2005)). "The only notable difference between these two standards is that the court in a motion on the pleadings reviews not only the complaint but also the answer and written instruments attached to the pleadings." *Phillips v. Transunion, LLC*, 2012 WL 1439088, at *3 (E.D. Pa. April 25, 2012) (*quoting Sprague v. Neil*, 2007 WL 3085604, at *2 (M.D. Pa. Oct. 19, 2007)). In resolving a motion under 12(c), a court may consider the allegations in the complaint and "documents that are attached to or submitted with the complaint, ... and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Agency documents

issued in connection with administrative proceedings dealing with employment-discrimination claims qualify as public records. *See EEOC v. Bimbo Bakeries USA, Inc.,* 2010 WL 598641, at *1 n.2 (M.D. Pa. Feb. 27, 2010); *Mandel v. M & Q Packaging Corp.*, 2009 WL 2579308, at *3 (M.D. Pa. Aug. 18, 2009); *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 802-03 (8th Cir. 2002) (observing, in connection with judgment on the pleadings, that "district courts regularly look upon EEOC charges as matters of public record"). The Court may also take judicial notice of facts that are not subject to reasonable dispute, Fed.R.Evid. 201, and of the existence and contents of various types of official documents and records. *See, e.g, Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir.1996) (documents filed with government agencies); *Anderson v. FDIC*, 918 F.2d 1139, 1141 n. 1 (4th Cir.1990) (records of bankruptcy court); *Bratcher v. Pharm. Prod. Dev., Inc .,* 545 F.Supp.2d 533, 538 n. 3 (W.D.N.C.2008) (EEOC complaints and right-to-sue notices).

### B. The Court Should Dismiss Counts VII, VIII and IX Under the PFPO Because Henry Failed to Exhaust Administrative Remedies.

This Court recently held that a plaintiff must exhaust administrative remedies with the PCHR before filing a court complaint under the PFPO, and a plaintiff's failure to do so bars such a complaint. *Lee v. Bay, LLC,* No. 2:21-cv-05088-JDW, 2023 WL 1971209, *3-4 (E.D.Pa. Feb. 13, 2023). In *Lee,* the plaintiff dual filed a complaint of discrimination with the PHRC and EEOC but did not file a complaint with the PCHR. Like Henry in this case, the plaintiff in *Lee* then brought claims in this Court under federal and state law, along with claims under the PFPO. The Court granted the employer's motion for summary judgment on the PFPO claims. *Id.* *3-4. It held that, under the plain language of the PFPO, a plaintiff must file a charge with the PCHR. *Id*. at 3-4. Because the plaintiff failed to do so, her PFPO claims were barred for failure to exhaust administrative remedies. *Id*.

This case presents a situation nearly identical to that in *Lee*. There is no question that, although he filed claims with the PHRC and EEOC, Henry did not file claims with the PCHR. Thus, here, as in *Lee,* Henry failed to exhaust his PFPO claims, and the Court should dismiss Counts VII, VIII and IX with prejudice.[4]

### C. Henry Is Judicially Estopped From Collecting Compensatory, Punitive, and Liquidated Damages.

Judicial estoppel precludes a party from assuming a position in a legal proceeding inconsistent with one previously asserted. *See Castillo v. Coca-Cola Bottling Co. of Eastern Great Lakes,* No. 06-183, 2006 WL 1410045 (E.D. Pa. May 22, 2006). "Judicial estoppel . . . is designed to prevent litigations from 'playing fast and loose with courts.'" *Castillo,* 2006 WL 1410045, *2 (*citing Ryan Operations G.P. v. Santiam Midwest Lumber Co.,* 81 F.3d 355, 358 (3d Cir. 1996)).

The application of judicial estoppel requires the existence of three factors: (1)The party to be estopped must have taken two positions that are irreconcilably inconsistent; (2) The party changed his or her position "in bad faith – i.e., with intent to play fast and loose with the court"; and (3) Estoppel must be "tailored to address the harm identified and no lesser sanction would be adequately remedy the damage done by the litigant's misconduct." *Krystal Cadillac Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.,* 337 F.3d 314, 319 (3d Cir. 2003) (dismissing complaint because, in earlier bankruptcy proceedings, plaintiff/debtor had failed to disclose claims to creditors) (*quoting Montrose Med. Group Participating Savings Plan v. Bulger,* 243 F.3d 773, 779-80 (3d Cir. 2001)). Courts in the Third Circuit routinely apply judicial estoppel to bar the recovery of monetary damages in employment discrimination claims – and in some cases bar those claims altogether – where a plaintiff

---

[4] The PFPO requires that claims be filed with the PCHR no later than 300 days after the occurrence of the alleged unlawful practice. Philadelphia Code Chap. 9-1112(3). As alleged in the Complaint, Henry's employment with ULS ended on June 2, 2021, (Complaint at ¶ 62). Thus, any charge with the PCHR now would be time-barred.

5

does not disclose those claims in bankruptcy proceedings. *See*, *e.g.*, *Danise v. Saxon Mortgage Svcs.*, 738 Fed.Appx. 47, 51 (3d Cir. 2018) (affirming dismissal of plaintiff's lawsuit based on judicial estoppel because plaintiff failed to disclose suit in bankruptcy proceedings); *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 325 (3d Cir. 2003) (same); *Castillo v. Coca-Cola Bottling Co. of Eastern Great Lakes,* No. 06-183, 2006 WL 1410045, at *4 (E.D. Pa. May 22, 2006) (barring plaintiff from recovering monetary damages based on failure to disclosure in simultaneous bankruptcy proceedings); *Clark v. Strober-Haddonfield Group Inc.,* No. 07-910 (RBK), 2008 WL 2945972, at *3-4 (D. N.J. July 29, 2008) (same).

Here, Henry failed to disclose his underlying PHRC claim, his underlying EEOC claim, and this lawsuit in his bankruptcy proceedings. As explained below, each of the requirements for judicial estoppel is present, and the Court should apply it to bar Henry from recovering compensatory, punitive, or liquidated damages.

> 1. ***Henry has taken irreconcilably inconsistent positions in his bankruptcy proceeding and in the instant matter.***

Debtors in bankruptcy are required to disclose any and all "assets and liabilities." 11 U.S.C. § 521(1). Without question, a lawsuit based on events occurring prior to the filing of a bankruptcy petition is a claim existing as of the date the petition is filed, and must be disclosed. *United States v. Whiting Pools,* 462 U.S. 198, 205 (1983). Additionally, a bankruptcy debtor has an ongoing duty to disclose such claims that may arise "throughout the duration of the bankruptcy" in amended filings. *Anderson v. Entergy Operations, Inc.,* No. 5:11-cv-103-DJP-FKB, 2012 WL 5400059, at *2 (S.D. Miss. Nov. 5, 2012) (applying judicial estoppel to bar wage and hour claims that were not disclosed in plaintiff's bankruptcy filings). As the Third Circuit explained in *Danise v. Saxon Mortgage Services, Inc.,* No. 17-1732, 738 F. App'x 47, 50 (3d Cir. June 7, 2018):

6

> "The [Bankruptcy] Code imposes on debtors an affirmative duty of full disclosure." *Ryan Operations G.P. v. Forrest Paint Co., Inc*., 81 F.3d 355, 362 (3d Cir. 1996). The debtor's schedule of assets and liabilities "must disclose, inter alia, 'contingent and unliquidated claims of every nature' and provide an estimated value for each one." *Id*. (citation omitted). This disclosure obligation is "crucial to the effective functioning of the federal bankruptcy system," as "creditors and the bankruptcy court rely heavily on the debtor's disclosure statement in determining whether to approve a proposed reorganization plan." *Id*. The debtor's duty to disclose is continuous throughout the course of a bankruptcy proceeding. *In re Superior Crewboats, Inc*., 374 F.3d 330, 335 (5th Cir. 2004).

*Id.* at 50.

Henry has maintained inconsistent positions in his bankruptcy action and this case: He represented to the bankruptcy court (by omission) that he had no contingent or unliquidated claims of any nature, and he represented (by omission) that he was not a party to any lawsuit, court action, or administrative proceeding. Yet, Mr. Henry's administrative claims were pending when he filed for bankruptcy and this lawsuit was filed shortly thereafter, which required him to amend those filings. He failed to do so. Indeed, Henry amended at least seven filings in his bankruptcy case, and thus he had ample opportunity to disclose his claims in this lawsuit and fact that he expects to recover more than $5 Million in damages. (Ex. A). Yet, he did not do so.

The Bankruptcy Court granted multiple orders in reliance on Henry's misrepresentations regarding his anticipated income from this lawsuit, including a 5/8/2020 Order RE Granting the Stipulation of Settlement by BMW and Edwell Henry; a 6/16/2020 Order Confirming Chapter 13 Plan; a 4/14/2021 Order Granting Motion to Modify Plan; a 5/25/2021 Order RE Granting the Stipulation by American Heritage and Edwell Henry; and a 07/07/2021 Order Granting Motion to Modify Plan. Likewise, Mr. Henry's creditors based their actions upon the inaccurate information Mr. Henry provided. Again, "creditors and the bankruptcy court rely heavily on the debtor's

disclosure statement," and Henry misled those creditors and the court by failing to disclose his anticipated income from this case.

### 2. *Henry acted in bad faith.*

There is a rebuttable inference of bad faith where, as here, a plaintiff knows of the claim and has "a motive to conceal the claim in the face of an affirmative duty to disclosure." *Krystal,* 337 F.3d at 319 (*citing Oneida,* 848 F.2d at 416-418). Even where a claim has not been filed, "[i]f a debtor has enough information prior to confirmation of her bankruptcy plan to suggest that a possible claim exists, then it is a 'known' claim that must be disclosed in the bankruptcy petition." *Danise*, 738 F. App'x at 51 (*citing Krystal,* 337 F.3d at 323).

Here, Henry was obviously aware of the alleged facts underlying his claims in this case as of the date he filed his petition for bankruptcy. *See*, *e.g.*, *Danise*, 738 Fed.Appx. at 51 ("If a debtor has enough information prior to confirmation of her bankruptcy plan to suggest that a possible claim exists, then it is a known claim that must be disclosed in the bankruptcy petition.") (citation omitted). Further, his claims in this case and the bankruptcy proceeding were pending simultaneously for almost two years. Yet, Henry failed to disclose these claims during that entire period. Given that Henry expects to receive millions of dollars in this case, he cannot credibly claim that his failure to disclose the claims in his bankruptcy proceeding was a mere oversight.

Additionally, a motive to conceal is apparent If Henry had disclosed to the bankruptcy court and his creditors that he expected to recover more than $5 Million dollars in this lawsuit, it almost certainly would have resulted in a bankruptcy plan with far less favorable terms. Thus, Henry had a clear motive to conceal the claims during his bankruptcy proceedings. *See Danise*, Fed.Appx. at 51

SL1 1835285v1 110202.00014

("A motive to conceal is apparent from the damages that Danise seeks. If disclosed during the bankruptcy proceedings, the claim may have affected the size of the bankruptcy estate, to the benefit of Danise's creditors and to her financial detriment"); *Castillo,* 2006 WL 1410045, at *2-3; *Clark,* 2008 WL 2945972, at *2-3.

### 3. Dismissal of Henry's request for compensatory, punitive, and liquidated damages is the appropriate remedy.

"[B]efore a court may apply the doctrine of judicial estoppel, it must determine whether any lesser sanction is available." *Danise,* 738 Fed. Appx. at 51 (*citing Montrose Med. Grp. Participating Sav. Plan*, 243 F.3d at 779-80). Here, no lesser sanction is appropriate. The Third Circuit has affirmed the complete dismissal of claims in similar circumstances. *Danise*, 738 Fed.Appx. at 51; *Krystal Cadillac-Oldsmobile GMC Truck, Inc*, 337 F.3d at 325. Here, Defendants request only that Henry be barred from recovering monetary damages – a far less drastic sanction than dismissal. Permitting Henry to seek monetary damages that he willfully withheld from the bankruptcy court would reward him for his deceitful conduct and potentially confer upon him an unfair advantage over his creditors, who did not receive the full value of their debts. He should not be rewarded for his duplicitous conduct in his bankruptcy proceeding. *See*, *e.g.*, *Krystal Cadillac-Oldsmobile GMC Truck, Inc.*, 337 F.3d at 325 (refusing to permit plaintiff to recover damages would "reward it for what appears to be duplicitous conduct in the course of its bankruptcy proceed." As the Third Circuit held: "Recovery of damages 'would send a message that 'a debtor should consider disclosing potential assets only if he is caught concealing them.' " *Danise,* 738 Fed. Appx. at 51 (*citing Krystal Cadillac-Oldsmobile GMC Truck, Inc.*, 337 F.3d at 325) (citation omitted). Thus, there is no lesser sanction is available than to dismiss Plaintiff's claims for compensatory, punitive, and liquidated damages.

9

## III. CONCLUSION

Based upon the foregoing, Defendant respectfully requests that this Honorable Court dismiss with prejudice Counts VII, VIII and IX of Plaintiff's Complaint and Plaintiff's request for compensatory, punitive, and liquidated damages pursuant to Fed. R. Civ. P. 12(c).

Dated:  April 19, 2023

Respectfully submitted,

/s/ *Brad M. Kushner*
Theresa M. Zechman, Pa.#85878
Stevens & Lee, P.C.
51 South Duke Street
Lancaster, Pennsylvania 17602
Telephone:  717.399.6644
Facsimile:  610.236.4185
Email:      theresa.zechman@stevenslee.com

Brad M. Kushner, Pa. #307429
1500 Market Street, East Tower
Suite 1800
Philadelphia, PA  19102
Telephone: 215.751.1949
Facsimile:  610.371.7906
Email:      brad.kushner@stevenslee.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2023, a true and correct copy of the foregoing was filed electronically with the Court's electronic filing system, which will send a copy via electronic mail to counsel for all parties.

/s/ Brad M. Kushner

SL1 1835285v1 110202.00014